Vaughn, Justice,
dissenting:
Of the four home owners affected by this appeal, three are paying a lot rent of $349 per month and one is paying a lot *239 rent of $309 per month. The community owner sought an increase to $399 per month for the three home owners and $379 per month for the fourth. It submitted evidence of what it considered comparable rent paid by new home owners in four other manufactured home communities. It also submitted evidence that Bon Ayre had one sale and one pending sale for nine year leases at a reduced rate of $389 per month in 2015. The. arbitrator concluded that one of the four comparables was not, in fact, comparable. The-rent at the remaining three ranged from a high of $470 per month to a low of $438.65 per month. After averaging those rents, the arbitrator carefully made adjustments to take into account differences in the amenities among the three comparable communities and Bon Ayre. She then concluded that the fair market rent of the relevant lots in Bon Ayre was $386.37 per month. While the community association argues that the arbitrator’s decision is not supported by substantial evidence because it is not based upon direct evidence of rents set forth in specific leases of individual new home owners, an argument rejected by the majority for the reasons stated in the majority opinion, it do not seem to offer any evidence that the fair market rental of the lots involved here is, in fact, less than $386.37.
Since it is undisputed that the community owner has not been found in violation of any statutory provision that persisted for more than 15 days during the twelve months preceding the proposal to increase the rent, the. community owner had the burden of establishing that the proposed increase was “directly related to operating, maintaining, or improving the manufactured home community,” and justified by market rent.[1] The Superior Court ruled that an increase in rent based on market rent can be justified only when the community owner can show that it has experienced an increase in the expenses of operating the community, apart from those expenses specifically recognized in the other subsections of 25 Del. C. § 7042(c), because only then can it be said that the proposed increase is directly related to operating, maintaining or improving the community.
I believe, however, that the community’s expenses and the community owners’ profit are both directly related to operating the community, one just as much as the other. I think that limiting the phrase “directly related to operating, maintaining or improving the manufactured home coinmunity”[2] to expenses, to the exclusion of profit, gives the phrase an unduly narrow reading. Here three of the rents are about 10% below what the arbitrator determined to be market rent and the fourth is more so. I think it can be said that the community owner’s desire to bring the rents more in line with market rent is directly related to the operation of the community. I see nothing in this record to suggest that the proposed rent increase is influenced by something else, something not related to the. operation of the community.
' The Superior Court was concerned in part that' allowing an increase based on market rent without linking in expenses might lead to unreasonable or burdensome increases in rent. One of the purposes of the statute is to protect the home owner from unreasonable and burdensome rent increases.[3] An example given by the Superior Court is that a community owner might offer a lower rate to induce home owners to place their homes in the community, and later raise rental rates to the “market rate” with impunity. However^ I think the statute has adequate protection *240 for the home owner. As the Superior Court mentions, the statute provides that the § 7042(c) factors “may” justify an increase in rent greater than the increase of the CPI-U.[4] Nothing in the statute seems to entitle a community owner to an increase in rent larger than the increase of the CPI-U. Since market rent “may[4]’ justify an increase in rent, there can be cases where it may not. While the statute provides that an arbitrator is to employ the standards set forth in § 7042,[5] I believe that the statute gives an arbitrator the discretion to apply them with a view toward satisfying the purposes of the statute. In my view, an arbitrator can exercise discretion to deny a proposed increase to market rent if, in the particular circumstances of the case, doing so would be unreasonable or burdensome to the home owners. The arbitrator made no such finding in this case.
Another purpose of the statute is to provide “for the need of manufactured home community owners to receive a just, reasonable and fair return on their property.”[6] We do not know from this record what a just, reasonable and fair return for a manufactured home community owner might be, but I think that where a lot’s rent is ten per cent less than market rent, an inference is at least created that the community owner is not receiving a just, reasonable and fair return on that lot. There is no reason from the record here to believe that the expenses attributable to the four lots involved are less than the expenses attributable to the lot which the community owner rented to a new tenant for $399 in 2015.
Thus, the Superior Court construes the statute in such a way that the community owner’s interest in receiving a fair return on the property is not considered under any of -the § 7042(c) factors as a matter of law. The community owner’s profit is capped to increases in rent for any twelve month period in an amount not greater than the applicable increase of the CPI-U, currently 1.6%, less any increase in expenses for that period. I do not believe that the language of the statute leads to this conclusion, and I am not at all certain that it is consistent with the purpose of the statute that community owners receive a just, reasonable and fair return on their property. For these reasons, I would reverse the Superior Court and remand the case for further proceedings where the Superior Court would review the arbitrator’s decision without limiting the market rent factor to a provable increase in expenses.

. Id.

.Id. § 7040.

. Id. § 7042(c).

. Id. § 7043(c)(g).

.Id. § 7040.